**Mohammad Jasmin AL SAYAR, Petitioners,**

v.

**Paul D. CLEMENT,[1] United States Attorney General, Respondent.**

**No. 06–4045–ag.**

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

United States Court of Appeals, Second Circuit.

Sept. 14, 2007.

Mark A. Goldstein, Goldstein & Associates, LLC, Pittsburgh, PA, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioners Mohammad Jasmin Al Sayar, a native and citizen of Kuwait, and his wife Irina Smirnova, a native and citizen of Russia, seek review of a July 31, 2006 order of the BIA affirming the February 28, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Jasim Al Sayar, Irna Smirnova,* Nos. A96 273 957, A95 430 668 (B.I.A. July 31, 2006), *aff'g* Nos. A96 273 957, A95 430 668 (Immig. Ct. N.Y. City Feb. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). However, when the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA's decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA found it unnecessary to address the IJ's adverse credibility determination and instead rested its decision on petitioners' failure to meet their burden of proof. Thus, we will review the IJ's decision as supplemented by the BIA, but will not address the IJ's adverse credibility

determination. *See Yu Yin Yang,* 431 F.3d at 85; *Xue Hong Yang,* 426 F.3d at 522.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007)(en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the agency's determination that Al Sayar failed to meet his burden of proving a well-founded fear of future persecution is supported by substantial evidence. Both the 2003 U.S. Department of State Country Report on Human Rights Practices for Kuwait (the "Country Report") and the 2003 International Religious Freedom Report for Kuwait (the "Religious Freedom Report") suggest that Kuwaitis who convert from Islam to other religions are subject to harassment and discrimination. However, "mere harassment" does not rise to the level of persecution. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Without more, the statements in the Country Report and the Religious Freedom Report are insufficient to prove that the treatment of Muslim converts in Kuwait exceeds the level of "mere harassment" and amounts to persecution. *Id.*

Al Sayar submitted various reports and treatises discussing Islamic law that classify apostasy, i.e, the renunciation of Islam through conversion, as a crime punishable by death. However, Al Sayar did not establish that the Kuwaiti courts follow Islamic law or impose death or other penalties on known converts from Islam.

Muslims in Kuwait do have recourse to independent religious courts that apply Shari'a in family law cases. Nonetheless, according to both the Country Report and the Religious Freedom Report, the primary legal system in Kuwait is secular, not Islamic, and the Kuwaiti Constitution provides for freedom of religion. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (holding that State Department reports are probative of asylum applicants' claims).

Al Sayar's withholding and CAT claims ultimately rest on the same factual predicate as his asylum claim, i.e., that he will be labeled an apostate and subjected to mistreatment in Kuwait because he converted from Islam to Buddhism. Because Al Sayar was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Likewise, given that Al Sayar could not meet the burden of proof for either asylum or withholding of removal, it stands to reason that he could not establish that it was more likely than not that he would be tortured upon return to Kuwait. *See severally Kyaw Zwar Tun v. INS,* 445 F.3d 554, 566–67 (2d Cir.2006). Thus, the agency did not err in denying Al Sayar's withholding and CAT claims.

On a final note, Al Sayar's argument that the IJ was biased against him, thus denying him his due process rights, is meritless. In considering a petitioner's claims, an IJ may neither make an arbitrary determination nor deny the petitioner a " 'full and fair opportunity to present [his] claims.' " *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 155 (2d Cir.2006)). A review of the record reveals that Al

Sayar received ample opportunity to testify, submit corroborating evidence, present witness testimony and be represented by counsel. There is no evidence in the record that the hearing at issue to indicate that it was not "full and fair."

For the foregoing reasons, the petition for review is DENIED.