Mohammad Jasim AL SAYAR, Irina Smirnova, Petitioners,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

Nos. 08–1597–ag(L), 08–2066–ag(Con).

United States Court of Appeals, Second Circuit.

Jan. 6, 2009.

Mark A. Goldstein, Goldstein & Associates, LLC, Pittsburgh, PA, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Al–Sayar, a native and citizen of Kuwait, seeks review of a March 6, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Mohammad Jasim Al Sayar,* No. A96 273 957 (B.I.A. Mar. 6, 2008). His wife, petitioner Irina Smirnova, a native and citizen of Russia, seeks review of a March 28, 2008 order of the BIA denying her motion to reopen her removal proceedings.[1] *In re Irina Smirnova,* No. A95 430 668 (B.I.A. Mar. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen*

---

1. Although petitioner Smirnova filed her own motion to reopen with the BIA, her motion was essentially identical to the one filed by Al Sayar. In the underlying proceedings, Smirnova was a derivative applicant on her husband's asylum application, and the couple had a joint merits hearing before an Immigration Judge. At no time has Smirnova asserted claims independent of those raised by Al–Sayar. Because Smirnova's petition is derivative of her husband's, we only discuss the merits of Al Sayar's motion to reopen.

*Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, an applicant may be excused from compliance with the 90–day time limit if he submits evidence establishing "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion to reopen shall not be granted unless it appears that the evidence offered in support of the motion "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). There is no dispute that the separate motions to reopen filed by the petitioners in this case were both untimely. Thus, in order to prevail on their motions, the petitioners were required to show that conditions in Kuwait had changed in a manner that was material to their claims for relief.

■ The BIA denied Al Sayar's motion to reopen because: (1) he failed to provide sufficient evidence that he had converted from Islam to Buddhism, and (2) the supporting evidence he presented did not suggest that a convert from Islam would likely face persecution in Kuwait. The BIA's denial on these grounds was an abuse of discretion.

First, although we previously affirmed the BIA's denial of Al Sayar's application for asylum, withholding of removal, and relief under the Convention Against Torture, *see Al Sayar v. Clement,* 241 Fed. Appx. 755 (2d Cir.2007), we did so because substantial evidence supported the BIA's decision that Al Sayar had not established a well-founded fear that apostates are persecuted in Kuwait, based in part on State Department reports from 2003. *See id.* at 757. We did not address the BIA's alternative holding that Al Sayar had presented insufficient evidence of his own religious conversion. Thus, there is no bar to our review of that holding now. *Cf. United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002) (holding that law-of-the-case doctrine bars relitigation "of issues expressly or impliedly decided by the appellate court" (internal quotation marks omitted)).

The BIA's decision that Al Sayar presented insufficient evidence of conversion is not supported by substantial evidence and therefore cannot provide the basis for denial of the motion to reopen. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008) (holding that denial of motion to reopen was not abuse of discretion because substantial evidence supported finding that petitioner was ineligible for asylum). In denying Al Sayar's asylum application, the BIA stated, "[T]he Immigration Judge ["IJ"] correctly found that [Al Sayar] did not provide sufficient corroboration regarding his Buddhist conversion as he did not submit evidence on this issue except for a letter dated 2002 from a center in New York." However, the BIA declined to adopt the IJ's adverse-credibility finding. Despite deeming Al Sayar credible, the BIA ignored Al Sayar's own testimony on his conversion to Buddhism. *See* 8 C.F.R. § 208.13(a) ("The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof [for asylum] without corroboration."). Given Al Sayar's credible testimony, the BIA had the onus to explain why corroboration was necessary. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 115 (2d Cir.2005) ("An asylum claim may be sustained on the basis of credible testimony alone, and a lack of corroboration is not a sufficient basis on its own for denying a

722

claim where testimony was credible, specific, and detailed.").

■ Second, the BIA's explanation as to why Al Sayar's new evidence did not suggest a likelihood of persecution is insufficient to permit meaningful judicial review. *See Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005). The BIA quoted the 2006 International Religious Freedom Report for Kuwait, which states that apostates may "face arbitrary detention, physical and verbal abuse, police monitoring of activities, and property damage without legal recourse" and then concluded that the report did not "depict, without more, conduct which tends to rise to the level of a well-founded fear of persecution." But persecution "encompasses a variety of forms of adverse treatment, including non-life-threatening violence[,] physical abuse[,] non-physical forms of harm such as the deliberate imposition of a substantial economic disadvantage," *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (internal quotation marks, citation, and alteration omitted), and some arrests and detentions, *see Xu Sheng Gao v. U.S. Att'y Gen.,* 500 F.3d 93, 98 (2d Cir.2007).

We cannot tell from the BIA's perfunctory order whether it held that the report did not, on its face, suggest persecution of apostates or whether the report was insufficient to show: (1) that conditions in Kuwait had materially changed from Al Sayar's previous application, or (2) that Al Sayar himself is likely to suffer persecution. Rather than guess at the BIA's reasoning, we remand to the agency for further proceedings. *See Shi Liang Lin v. U.S. Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005).

The Attorney General urges the Court to deny the petitions on the ground that the 2006 and 2007 State Department reports do not demonstrate changed country conditions, but are merely "repetitive of the evidence before the immigration judge." We do not know whether this was, in fact, the BIA's rationale. Because "we limit our review to the reasons articulated by the agency and cannot assume a hypothetical basis for [its] determination," *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted), we do not accept the Attorney General's argument.

We express no opinion as to whether Al Sayar has, in fact, established changed country conditions or is entitled to reopening. We merely hold that the BIA abused its discretion in denying the motion to reopen, based on the analysis contained in the agency's order. Accordingly, we grant Al Sayar's petition and remand to the BIA for further proceedings. Because Smirnova's asylum petition is derivative of Al Sayar's, we also grant her petition for review.

For the foregoing reasons, the petitions for review are GRANTED and the cases are REMANDED to the BIA for further proceedings.